UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-04409-AH-(SSCx) | Date October 23, 2025 |
| Title *Navid Vatan v. Porsche Cars North America, Inc.* | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

    Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Additionally, federal courts have an obligation to examine jurisdiction on their own before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

    Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide

whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court has reviewed the First Amended Complaint ("FAC"), Dkt. No. 4, and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a). In particular, the Court finds that the allegations in the FAC do not demonstrate that the amount in controversy exceeds $75,000 or that Plaintiff is a citizen of California. Plaintiff seeks "a refund of the purchase price of the vehicle, including all collateral charges," as well as "incidental and consequential damages, civil penalties under the Song-Beverly Consumer Warranty Act," and "attorney's fees and costs." *See generally* FAC. Plaintiff does not provide any support for his calculation that the amount in controversy exceeds $75,000. *See generally id.*; *see, e.g.*, *Jones v. FCA US, LLC*, 2022 WL 1154534, at *2–3 (C.D. Cal. Apr. 18, 2022) (explaining the amount in controversy allegations were insufficient where the party asserting diversity jurisdiction did not assert the total cash price of the vehicle and "fail[ed] to account for the statutory mileage offset, or the reduction in actual damages to account for Plaintiffs' use of the car before they took it in for repairs," among other issues).

The parties are ORDERED TO SHOW CAUSE, in writing, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction. Responses shall be limited to ten (10) pages in length. As Plaintiff is the party asserting federal jurisdiction, Plaintiff's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

The November 5, 2025, hearing on the Motion to Dismiss is vacated pending the Order to Show Cause and will be reset to a later date if necessary.

**IT IS SO ORDERED.**